**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 98-41567

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ABEL HERNANDEZ-FLORES,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
(B-98-CR-214-3)

December 14, 1999

Before POLITZ, GARWOOD and DAVIS, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Abel Hernandez-Flores pleaded guilty to one count of possession with intent to distribute less than 50 kilograms of marijuana. The plea was entered under Fed. R. Crim. P. 11(e)(1)(B) and pursuant to an oral plea agreement. In that plea agreement the government agreed to recommend to the court that Hernandez' sentence be based on less than twenty kilograms of marijuana, no role adjustment enhancement, credit for acceptance of responsibility and sentencing at the low end of the applicable guideline range. It also agreed to dismiss the other count in the

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

indictment against Hernandez.  At the plea colloquy, the government made the agreed recommendations to the district court.  The district court explained to appellant that the government's recommendation was not binding on the court and that it would make a sentencing decision after the probation office rendered a presentence report.

The probation officer, after conducting his own investigation, submitted a presentence report (PSR) recommending that Hernandez' total offense level be fixed at eighteen rather than thirteen, as recommended by the government.[2]  The defendant objected to the findings in the P.S.R.  In order to resolve the objections, the district court directed the government to produce testimony on the findings related to acceptance of responsibility and the defendant's role as a leader or organizer.  The government followed these directions and provided testimony on these issues.

The record does not support appellant's argument that the government breached the plea agreement.  The government agreed to make a number of recommendations that would have achieved a base offense level of thirteen and it fully complied with that agreement.  The probation officer is an arm of the court and his recommendations are not imputable to the prosecutor so as to undermine the validity of the plea agreement.  Also, the plea

---

[2]Offense level eighteen, combined with a criminal history category one, carried a sentencing range of twenty-seven to thirty-three months.  By contrast, an offense level of thirteen carried a sentencing range of twelve to eighteen months.  Although the district court accepted the P.S.R.'s recommendation and fixed the offense level at eighteen, the court made a downward departure for humanitarian reasons and imposed a sentence of eighteen months.

agreement did not require the government to affirmatively object to findings in the presentence report and the government's failure to object did not breach the plea agreement. The production of evidence by the government at the direction of the court to resolve appellant's objections to the P.S.R. was no violation of the plea agreement. The government like all other litigants is obliged to follow the directions of the court and cannot withhold information the court directs it to produce.

In short, the government made the recommendations to the court that it agreed to make and none of the conduct appellant points to amounts to a breach of the government's plea agreement.

The judgment of the district court is therefore AFFIRMED.